UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ALI KOURANI

              Plaintiff,

      v.

EXECUTIVE OFFICE OF THE UNITED
STATES ATTORNEY'S OFFICE, et al.

            Defendants.

Civil Action No. 22-0195 (CJN)

---

## OPPOSITION TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND FOR SANCTIONS

Defendants, by and through undersigned counsel, respectfully oppose the motions for sanctions and for summary judgment filed by Ali Kourani ("Plaintiff").  *See* ECF Nos. 28, 29.[1] Plaintiff's Motion for Summary Judgment ignores the fact that Defendants' motion to dismiss and to bifurcate, ECF No. 27, is pending and ripe for decision as Plaintiff never responded and has therefore conceded the motions' validity.  *See Favors v. Soc. Sec. Admin.*, Civ. A. No. 22-0262 (ABJ/GMH), 2022 U.S. Dist. LEXIS 218163, *9-10 (D.D.C. Oct. 17, 2022) ("it is well-settled, both in this District's governing rules and its decisional law, that if an opposing party fails to timely file a responsive brief to motion to dismiss, the court may treat the motion as conceded" (citing, among others, LCvR 7(b)); *see also Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002)

---

[1]     Plaintiff's purported motion for summary judgment, ECF No. 27, fails to comply with Rule 56(c), which requires the moving party to "cit[e] to particular parts of materials in the record[.]"  Nor does he comply with Local Civil Rule 7(h), which requires that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue."

("The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss.").

In this action under the Freedom of Information Act ("FOIA"), Plaintiff has filed no opposition at all and has therefore conceded, among other things, that he never submitted a perfected FOIA request to the Central Intelligence Agency ("CIA"), and that the Court should bifurcate briefing in this action such that both the Executive Office of the United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI") would be able to brief Exemption 7(A) on a category-by-category basis before briefing the more cumbersome underlying exemptions. *See* ECF No. 27. The Department of State is currently processing and releasing non-exempt records to Kourani every six weeks. In light of the forgoing, it is not an undisputed fact that "[t]he defendants basically ignored Plaintiff's requests and then 'dragged their feet' on this lawsuit." ECF No. 29 at 2. Far from it. Defendants' pending motion to dismiss and to bifurcate demonstrates that Defendants are actively handling this matter. Thus, Plaintiff's summary judgment motion should be denied. It is both premature and unfounded, as there are disputed questions of fact and Plaintiff has not shown that he is entitled at this juncture to judgment as a matter of law. The Court should address Defendants' motions before proceeding to any of the issues Plaintiff has raised.

Further, rather than opposing Defendants' motion, Plaintiff has filed a motion seeking sanctions based on the Defendants alleged failures to serve him with Defendants' motions to enlarge filed in September, October, and November last year. *See* ECF No. 28. Notably, Plaintiff does not dispute that he received Defendants' dispositive motion, which would have been sent to him in the same manner as the motions to enlarge he conveniently alleges not to have received. Plaintiff seeks an order requiring Defendants to comply with the service rule without

demonstrating, other than by his own statement, that Defendants failed to serve him with motions to enlarge. "Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." *Jordan v. Dep't of Lab.*, 273 F. Supp. 3d 214, 241 (D.D.C. 2017) (citing *Henok v. Chase Home Fin., LLC*, 926 F. Supp. 2d 100, 104 (D.D.C. 2013)).

Although Defendants do not concede that service was improperly effected, even were Plaintiff's allegation true, any error would be harmless as the Court's order notified Plaintiff of the Court rulings on the motions to enlarge and Defendants ultimately filed a timely dispositive motion. *See Pinson v. Dep't of Just.*, 104 F. Supp. 3d 30, 38 (D.D.C. 2015) ("[T]he Court will deny as moot Mr. Pinson's second motion for sanctions, to the extent that it is based on Mr. Pinson's failure to receive service copies of two attachments filed with the government's briefs."); *see also Hendry v. Pelland*, No. 94-7082, 1994 U.S. App. Lexis 32470, at *2 (D.C. Cir. July 28, 1994) (denying sanctions because "[t]here is no evidence that counsel for appellees made any deliberate misrepresentations on the certificate of service for the motion to dismiss").

\*   \*   \*

Thus, for the forgoing reasons, both Plaintiff's motions for summary judgment and for sanctions should be denied.

Dated: March 4, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/ Kenneth Adebonojo*
     KENNETH ADEBONOJO
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2562

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALI KOURANI

        Plaintiff,

  v.

EXECUTIVE OFFICE OF THE UNITED
STATES ATTORNEY'S OFFICE, *et al*.

        Defendants.

Civil Action No. 22-0195 (CJN)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants opposition to Plaintiff's Motion for Summary Judgment and Motion for Sanctions, and for good cause shown and the entire record herein, it is hereby

ORDERED that Plaintiff's motions are DENIED.

_____
Dated

_____
CARL J. NICHOLS
United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

I certify that today, March 4, 2024, I caused a copy of the foregoing Defendants'

Opposition to Plaintiff's Motions for Summary Judgment and for Sanctions to be served upon

Plaintiff as follows pursuant to U.S. mail, postage pre-paid:

ALI KOURANI
Reg. #79196-054
USP Marion
P.O. Box 1000
Marion, IL 62959

                    /s/
         KENNETH ADEBONOJO
         Assistant United States Attorney